**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 13, 2021

LETTER TO COUNSEL

RE:   *Jacqueline J. v. Commissioner, Social Security Administration*
      Civil No. SAG-20-2914

Dear Counsel:

On October 9, 2020, Plaintiff Jacqueline J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 13, 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on January 12, 2018, alleging a disability onset date of June 22, 2017. Tr. 211-12. Plaintiff later amended her disability onset date to September 24, 2019. Tr. 236. Her claim was denied initially and on reconsideration. Tr. 137-40, 142-44. On September 24, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37-65. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-36. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "multiple sclerosis, degenerative disc disease, gluteus minimus tendonitis, plantar fasciitis, carpal tunnel, migraines, anxiety, depression, attention deficit hyperactivity disorder (ADHD), cognitive impairment, and obesity, status post gastric [sleeve] surgery." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps, stairs, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl. She can have occasional exposure to extreme heat, extreme cold, humidity, wetness, fumes, odors, dust, gases, odors, poor ventilations, vibrations, and hazards. She can tolerate lights no brighter than a

*Jacqueline J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2914
December 13, 2021
Page 2

> typical office setting level, and noise no louder than a typical office setting level. She can frequently finger, handle and reach (bilaterally). She can perform simple, routine, repetitive and repetitive tasks, not at a production pace and with few changes in a routine work setting. She can make simple work related decisions. She can have frequent interaction with supervisors and coworkers, occasionally tandem work, and occasionally interact with the public.

Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that while Plaintiff could not perform her past relevant work as a registered nurse and office nurse, she could perform other jobs existing in significant numbers in the national economy. Tr. 28-29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

Plaintiff argues that the ALJ set forth an inadequate hypothetical to the VE which infected the RFC and step five determinations. ECF No. 13-1 at 9-15. Plaintiff maintains that the ALJ failed to include a definition of the term "production pace" when posing a hypothetical to the VE during Plaintiff's hearing, which conflicts with the Fourth Circuit's ruling in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). In *Thomas*, the Fourth Circuit remanded because the ALJ used a phrase in the RFC similar to work not at a "production-rate pace" without providing further explanation or definition of that phrase. *Thomas*, 916 F.3d at 312-13 ("production rate or demand pace"); *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) ("non-production oriented work setting"). However, as noted by Defendant, the ALJ did provide a definition of the term "production pace" during Plaintiff's hearing when presenting the hypothetical to the VE. The ALJ stated, "such an individual . . . cannot work at a production pace. So, in other words, no assembly line type work." Tr. 59. This Court has found such a definition of production pace to satisfy *Thomas*. *See Jackie W. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-3883, 2019 WL 5960642, at *4 (D. Md. Nov. 13, 2019). "While the ALJ did not include the term 'assembly-line work' in her RFC, her inclusion of the term in the hypothetical provides enough clarity for this Court's review." *Id.* Accordingly, remand is not warranted on this issue.

Plaintiff raises a new argument in her reply, stating that "[t]here is no narrative support for the multitude of non-exertional limitations imposed by the ALJ" in Plaintiff's RFC. ECF No. 17 at 2. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). "In other words, the ALJ must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

*Jacqueline J. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2914
December 13, 2021
Page 3

In this case, the ALJ dedicated a section of Plaintiff's RFC to discuss her mental impairments in which she noted Plaintiff's "very low scores in short-term working memory and cognitive efficiency" and Plaintiff's testimony that "she has cognitive problems like working on the computer, finding words, not understanding and becoming dependent on her co-workers." Tr. 24-25. State psychological consultants determined that Plaintiff should be limited to simple instructions and routine tasks, and the ALJ found both of these opinions to be persuasive "because they are consistent with the medical evaluations that show [Plaintiff] had intact intellectual functioning with some deficits and [Plaintiff's] descriptions of her own abilities." Tr. 26. The ALJ further explained that "[t]he non-exertional limitations of performing simple, routine, repetitive tasks not at a production pace and with few changes routine work setting, making simple work related decisions, and frequently interacting with supervisors and coworkers, occasionally tandem working, and occasionally interacting with the public are needed to accommodate the reduced cognitive functioning caused by the combination of her multiple sclerosis and her mental impairments." Tr. 25-26. Accordingly, the ALJ properly identified evidence to support her conclusion that Plaintiff had several non-exertional limitations. Therefore, remand is not warranted on this issue.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF 14, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                        Sincerely yours,

                                        /s/
                                        Stephanie A. Gallagher
                                        United States District Judge